IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Angelo Ham, #315014 )<br>*aka* Angelo Bernard Ham, )<br> )<br>                    Plaintiff, )<br>v. )<br> )<br>C. West; Dillman; Jack Brown; C. Brown;)<br>Bruce Oberman; Anthony J. Padula;)<br>James C. Dean; Washington; Barbara)<br>Reames; Doris Poole, )<br> )<br>                    Defendants. )<br>_____) | C/A No. 6:12-3219-JMC-KFM<br><br>**REPORT<br>AND<br>RECOMMENDATION**<br>**Partial Summary Dismissal** |

Plaintiff, Angelo Ham, also known as Angelo Bernard Ham, ("Plaintiff"), a prisoner in the Lee Correctional Institution ("LCI") of the South Carolina Department of Corrections ("SCDC") in Bishopville, South Carolina, proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983[1] seeking declaratory and injunctive relief and monetary damages. Under Local Civil Rule 73.02(B)(2) DSC, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using their badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review *pro se* complaints and petitions for relief and submit findings and recommendations to the District Court. Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The *in forma pauperis* statute authorizes a district court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and are held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

## BACKGROUND

Plaintiff alleges that he was assaulted by his cell mate, on February 13, 2012, while Plaintiff was being returned to his call in security restraints by Defendants West and Dillman. Plaintiff alleges that West and Dillman pulled Plaintiff from his cell for a shower, but Plaintiff's roommate was not pulled because the roommate said he didn't want a shower. Plaintiff alleges that "while he was on his way back to his cell, Defendant West opened his cell door, at which time his cell mate rushed out of his cell with a piece of steel

2

stabbing the Plaintiff in the head and three times in [his] shoulder close to [his] neck area. Plaintiff states that since this incident, he has suffered from headaches, dizziness, nightmares and flashbacks." *See* ECF No. 1, p. 4. Plaintiff alleges that he filed a Step 1 Grievance on February 16, 2012, which was denied on February 29, 2012. Plaintiff alleges that he filed a Step 2 Grievance on March 6, 2012, but has never received a response. Plaintiff alleges that he has attempted to exhaust his administrative remedies, but the SCDC's failure to respond for longer than sixty (60) days has frustrated his attempt. *See* ECF No. 1, p. 5.

Plaintiff seeks: (1) a preliminary and permanent injunction ordering Plaintiff's "separation from the Defendants and Jamie Gilbert" (who appears to be the cell mate who allegedly assaulted Plaintiff, although Plaintiff's Complaint does not allege this); (2) an unspecified amount of nominal damages; (3) compensatory damages of $100 for each day that Plaintiff "suffered from such pain" against each of the Defendants, jointly and severally; and (4) punitive damages of $100/day. *See* ECF No. 1, p. 6.

The undersigned has carefully reviewed Plaintiff's Complaint and recommends that Plaintiff's Complaint be served on Defendants C. West and Dillman. However, the Complaint should be partially summarily dismissed, without prejudice and without issuance and service of process, as to the following Defendants: Jack Brown; C. Brown; Bruce Oberman; Anthony J. Padula; James C. Dean; Washington; Barbara Reames; and Doris Poole. Plaintiff fails to state a claim on which relief may be granted by this Court against these eight Defendants. Plaintiff's Complaint is frivolous insofar as it attempts to allege that these Defendants violated any constitutionally protected liberty interest of Plaintiff.

## DISCUSSION

Plaintiff's Complaint makes specific, albeit not very detailed, factual allegations concerning Defendants West's and Dillman's personal involvement in the incident of February 13, 2012. These allegations are sufficient to survive summary dismissal under 28 U.S.C. § 1915 on Plaintiff's claim that these two Defendants violated Plaintiff's constitutional rights by failing to protect Plaintiff from being assaulted by Plaintiff's cell mate. Accordingly, the undersigned recommends that the instant Complaint be served on Defendants C. West and Dillman and that they be required to respond to the Complaint. Otherwise, Plaintiff's Complaint includes only general conclusory allegations that are insufficient to state a plausible claim that the other named Defendants violated any constitutionally protected right or interest belonging to Plaintiff.

Plaintiff alleges that all of the named Defendants "are all officials employed with the S.C. Dept. Of Corrections and are legally responsible for the overall welfare of the Plaintiff." *See* ECF No. 1, p. 3. To the extent that Plaintiff seeks to hold these Defendants liable in their supervisory capacities, the doctrine of *respondeat superior* generally is inapplicable to § 1983 suits. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Vinnedge v. Gibbs*, 550 F.2d 926, 928-29 (4th Cir. 1977). "Because vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). However, there are no factual allegations of personal wrongdoing, whatsoever, in Plaintiff's Complaint or in its numerous attachments, concerning Defendants Jack Brown, C. Brown, and James C. Dean, who are identified as "Lt," "Sgt," and "Major,"

respectively, at LCI. Consequently, Plaintiff's Complaint is frivolous as to these three Defendants.

As to Defendant Reames, who is identified by Plaintiff as an LCI classification staff member, there are no factual allegations to state a plausible claim against her. Plaintiff merely attaches to his Complaint copies of three "SCDC Offender Management System Separation Requirement/Caution Notices," issued on March 21, 2007; September 12, 2007; and December 13, 2007, concerning Plaintiff and SCDC inmates Dennis Hunter and Anthony Robinson. These notices simply list Defendant Barbara Reames as the person from whom "info [was] obtained" to be included in SCDC records to ensure that Plaintiff, Harris, and Robinson are "not to be assigned to the same institution/center." *See* ECF No. 1-2, p. 1-3. SCDC's Incarcerated Inmate Search website shows that Hunter is currently incarcerated in SCDC's Lieber Correctional Institution in Ridgeville, South Carolina, and Robinson is currently incarcerated in SCDC's Perry Correctional Institution in Pelzer, South Carolina.[2] Defendant Poole is identified in Plaintiff's Complaint as an employee of "State Classification - SCDC." *See* ECF No. 1, p. 2. Defendants Padula and Washington, are identified as LCI's Warden and classification officer, respectively. Plaintiff does not identify Defendant Oberman's position, but the Court can take judicial notice of previous lawsuits

---

[2] The undersigned takes judicial notice of information concerning Plaintiff's institutional assignment located on SCDC's Incarcerated Inmate Search website. *See* https://sword.doc.state.sc.us/scdc-public/ (last visited Jan. 2, 2013); *In Re Katrina Canal Breaches Consol. Litig.*, 533 F. Supp. 2d 615, 631-33 & nn.14-15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); *Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n.4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating).

in which Plaintiff has sued Oberman and identified Oberman as LCI's SMU (Special Management Unit) Administrator.[3]

As to these five named Defendants, *i.e.* Reames, Poole, Washington, Oberman, and Padula, Plaintiff makes no factual allegations of any personal wrongdoing on their part in connection with the alleged assault on Plaintiff by his cell mate, on February 13, 2012. Plaintiff's only factual allegation with respect to these Defendants' personal involvement and/or personal knowledge of the alleged violation of Plaintiff's Constitutional rights is that, after he was assaulted by his cell mate, Plaintiff sent a "request to staff" to Oberman, Washington, Padula, and Poole, asking that Plaintiff be immediately transferred from LCI to another SCDC institution, to which Plaintiff alleges he has received no response. Plaintiff attached to his Complaint a letter of October 10, 2012, addressed to LCI's Institutional Grievance Coordinator, Ms. Johnson, in which Plaintiff inquires about the status of his three grievances following up his requests to staff, and Ms. Johnson replies that "they are at HQ."  *See* ECF No. 1-1, p. 2; ECF No. 1-3.  These allegations are not sufficient to state a plausible claim against these Defendants.  As noted above, there is generally no *respondeat superior* liability under § 1983 so, contrary to Plaintiff's assertion, these Defendants' alleged "supervisory status" does not make them legally responsible for the alleged violation of Plaintiff's constitutional rights.  Plaintiff fails to allege any facts to show that these officials, themselves, "through the official's own individual actions, ha[ve] violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see Denney v. Berkeley Cnty.*, No. 3:10-cv-1383, 2012 WL 3877732, at * 6-7 (D.S.C. Sept. 5, 2012)

---

[3] *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("the most frequent use of judicial notice is in noticing the content of court records.").

(explaining, post-*Iqbal*, § 1983 pleading standard with respect to supervisors). Plaintiff here has failed to allege any culpable action or inaction on the part of these five Defendants that caused the injuries he claims to have suffered on February 13, 2012. Nor does Plaintiff make any showing that he is currently exposed to a substantial risk of serious harm to which these Defendants have been deliberately indifferent. *Cf. Anderson v. Davies*, No. 3:10-cv-2481, 2012 WL 1038663, at *2 (D.S.C. Mar. 28, 2012) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). As a result, Plaintiff fails to state a claim against these Defendants.[4]

The fact that Plaintiff has not yet received information as to any findings of the SCDC's investigation into the February 13, 2012, incident, or any response to Plaintiff's requests to staff, following his assault on February 13, 2012, does not give rise to a cognizable § 1983 claim. Plaintiff does not have a constitutionally protected interest in access to SCDC's grievance process or its investigative process. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (Prisoners do not have a constitutional right of access to the grievance process). Plaintiff does not have a constitutional right to, or, in fact, any judicially

---

[4] A claim of deliberate indifference encompasses an objective element (serious harm) and a subjective element (the defendant's culpable state of mind). First, the harm alleged must be "objectively, sufficiently serious," *Short v. Smoot*, 436 F.3d 422, 427 (4th Cir. 2006). To meet this standard for a claim based on failure to prevent harm, a plaintiff must allege that he was "being detained or incarcerated under conditions posing a substantial risk of serious harm." *Brown v. Harris*, 240 F.3d 383, 389 (4th Cir. 20111). Second, the plaintiff must allege that the defendant possessed a sufficiently culpable state of mind. A plaintiff does this by alleging "that the defendants actually knew of and [that they] disregarded a substantial risk of serious injury" to the detainee or inmate. *See Randall v. Prince George's Cnty., Md.*, 302 F.3d 188, 206 (4th Cir. 2002) (setting forth the state of mind requirement for a deliberate indifference claim brought against supervisors). Plaintiff's allegations against these five Defendants fail to satisfy the threshold pleading requirement for a deliberate indifference claim.

cognizable interest in, the criminal prosecution or non-prosecution of another person or entity. *See Town of Castle Rock v. Gonzales*, 545 U.S. 748, 768 (2005) (citing *DeShaney v. Winnebago County Dep't. of Social Servs.*, 489 U.S. 189 (1989)); *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981). *See also Johnson v. S.C. Dep't of Corrections*, No. 06-2062, 2007 WL 904826, at *12 (D.S.C. Mar. 21, 2007) ("Plaintiff's allegation that Defendants did not follow their own policies fails, as the failure of prison officials to follow their own policies or procedures, standing alone, does not amount to a constitutional violation.") (citing *Riccio v. County of Fairfax, Virginia*, 907 F.2d 1459, 1469 (4th Cir. 1990)) (if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue)). It is settled law that "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." *Adams v. Rice*, 40 F.3d at 75.

Plaintiff's factual allegations concerning these five Defendants do not constitute a failure to protect claim that is plausible on its face. *See Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Id.* It requires the plaintiff to articulate facts that, when accepted as true, "show" that the plaintiff has stated a claim entitling him to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557). The court "need not accept the [plaintiff's] legal conclusions drawn from the facts," nor need it "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006).

## RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's Complaint be summarily dismissed, without prejudice and without issuance and service of process, as to Defendants Jack Brown, C. Brown, Bruce Oberman, Anthony J. Padula, James C. Dean, Washington, Barbara Reames, and Doris Poole. Plaintiff's Complaint should be served on Defendants C. West and Dillman. Plaintiff's attention is directed to the important notice on the next page.

January 4, 2013                                              s/ Kevin F. McDonald
Greenville, South Carolina                         United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**300 East Washington Street, Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).