**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| Angelo Ham, ) | |
| ) | Civil Action No. 6:12-cv-03219-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| C. West, Dillman, Jack Brown, C. Brown, ) | |
| Bruce Oberman, Anthony J. Padula, James ) | |
| C. Dean, Washington, Barbara Reames, ) | |
| Doris Poole, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

On December 6, 2012, *pro se* Plaintiff Angelo Ham ("Plaintiff") filed this 42 U.S.C. § 1983 action (ECF No. 1) alleging that Defendants failed to protect Plaintiff from an assault by his cellmate on February 13, 2012. *Id.* at 3–4. Plaintiff has been granted leave to proceed *in forma pauperis* in this matter. (ECF No. 4). This matter is now before the court upon two Report and Recommendations by the magistrate judge. The first Report and Recommendation ("the First Report"), filed January 4, 2013, recommended that the court partially summarily dismiss Plaintiff's complaint as to Defendants Jack Brown, C. Brown, Bruce Oberman, Anthony J. Padula, James C. Dean, Washington, Barbara Reames, and Doris Poole (collectively referred to as "the First Set of Defendants"). (ECF No. 10). The second Report and Recommendation ("the Second Report"), filed October 28, 2013, recommended that the court grant summary judgment for the remaining Defendants C. West and Dillman (collectively referred to as "the Second Set of Defendants"). (ECF No. 63).

For the reasons stated herein, the court **ACCEPTS** the magistrate judge's First Report and Second Report. The court therefore **DISMISSES** Plaintiff's Complaint as to the First Set of

Defendants.  The court also **GRANTS** the Second Set of Defendants' motion for summary judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the magistrate judge's Report is accurate, and the court adopts this summary as its own.  However, a brief recitation of the background in this case is warranted.

Plaintiff is incarcerated at the Lee Correctional Institution ("LCI"), a facility managed by the South Carolina Department of Corrections ("SCDC").  (ECF No. 1 at 2).  Plaintiff filed this action on November 8, 2012, asserting that Defendants failed to protect Plaintiff from a physical attack from Plaintiff's cellmate while Plaintiff was in security restraints.  *Id.* at 3–4.  Plaintiff claimed that the Second Set of Defendants pulled Plaintiff for a shower but did not pull Plaintiff's cellmate because Plaintiff's cellmate did not want to shower.  *Id.* at 4.  Plaintiff alleged that after his shower, Defendant West placed him in security restraints and proceeded to return Plaintiff to his cell.  *Id.*  Plaintiff stated that when Defendant West opened his cell door, his cellmate rushed out of his cell and stabbed Plaintiff in the head, shoulder, and neck with a piece of steel.  *Id.*

The magistrate judge issued the First Report on January 4, 2013, recommending that the court summarily dismiss Plaintiff's complaint against the First Set of Defendants for failure to state a claim.  (ECF No. 10 at 3).  The magistrate judge explained that Plaintiff did not make any specific allegations of personal wrongdoing against the First Set of Defendants.  *Id.* at 4, 6.  The magistrate judge found that insofar as Plaintiff sought to hold the First Set of Defendants liable as supervisors, the doctrines of respondeat superior and vicarious liability were unavailable to this § 1983 action.  *Id.* at 4.  The magistrate judge concluded that to the extent Plaintiff alleged

that he had not received a response regarding SCDC's investigation into the incident, such assertions did not give rise to a cognizable § 1983 claim. *Id.* at 7.

On January 17, 2013, Plaintiff filed Objections to the First Report ("First Objections") (ECF No. 14).  In his First Objections, Plaintiff contends that Defendants Jack Brown, C. Brown, and Dean are liable for their own negligent conduct as supervisors of the Second Set of Defendants. *Id.* at 1–2.  Plaintiff states that Defendants Jack Brown and C. Brown supervised the Second Set of Defendants on the date of Plaintiff's assault and that Defendant Dean was the major at LCI responsible for security of the institution as a whole. *Id.* at 1–2.  Plaintiff alleges that Defendants Jack Brown, C. Brown, and Dean were aware that, in order to maintain prisoner safety, two prisoners should not be housed in a cell together. *Id.* at 1.  Plaintiff also claims that it was Defendants Jack Brown, C. Brown, and Dean's legal duty to ensure the proper training of the Second Set of Defendants in preventing violence among prisoners. *Id.*

Plaintiff objects to summary dismissal of Defendants Reames, Poole, Washington, Oberman, and Padula, apparently contending for the first time that these Defendants should have issued a separation or caution notice following the incident. *Id.* at 2–3 (citing SCDC Policy OP-21.04 ¶¶ 18–18.10).  Plaintiff acknowledges, however, that he was removed from his cell and placed with another prisoner in response to the incident. *Id.*

On March 28, 2013, the Second Set of Defendants moved for summary judgment.[1]  (ECF No. 29).  Plaintiff filed a response to the motion for summary judgment on August 5, 2013.  (ECF No. 61).  The magistrate judge issued the Second Report on October 28, 2013, recommending that the court grant summary judgment to the Second Set of Defendants.  (ECF

---

[1] While the motion states that all Defendants have moved for summary judgment, (*see* ECF No. 29), it appears to the court that the motion addresses the action primarily as it relates to the Second Set of Defendants (*see, for example,* ECF No. 29-1 at 8).

No. 63). The magistrate judge found that the record indicated at the time Plaintiff was being returned to his cell, Plaintiff's cellmate appeared to be asleep. *Id.* at 2. The Second Report explained that as Defendant West opened Plaintiff's cell, Plaintiff's cellmate suddenly threw off his blanket and rushed to attack Plaintiff. *Id.* The Second Report detailed that in response to Plaintiff's cellmate's attack, Defendant Dillman secured Plaintiff while Defendant West and Officer Thompson chased and struggled with Plaintiff's cellmate. *Id.* at 2–3. The magistrate judge reported that in the course of attempting to secure Plaintiff's cellmate, Officer Thompson lost his balance and was dragged down stairs. *Id.* The Second Report informed that Defendant West and Officer Thompson eventually restrained Plaintiff's cellmate through the use of force. *Id.* at 3.

The Second Report concluded that the record did not support a failure to protect claim under § 1983. *Id.* at 5. The magistrate judge explained that to establish a failure to protect claim, Plaintiff must show (1) that there was a serious or significant physical or emotional injury and (2) that the Second Set of Defendants was deliberately indifferent to Plaintiff's safety. *Id.* at 4 (citing *Bacchus v. Scarborough*, 466 F. App'x 269, 271 (4th Cir. 2012)). The magistrate judge further explained that to establish deliberate indifference, Plaintiff must show that the Second Set of Defendants knowingly disregarded an objectively serious risk of harm. *Id.* The Second Report pointed out that a showing of mere negligence would be insufficient. *Id.* The magistrate judge found that Plaintiff did not allege his cellmate had posed a serious safety risk nor did Plaintiff claim that he warned the officers of any threat. *Id.* at 5. The magistrate judge found that the record revealed the Second Set of Defendants placed themselves in between Plaintiff and his cellmate during the attack. *Id.* For that reason, the Report concluded that Plaintiff's claim of a failure to protect fails as a matter of law. *Id.*

The Second Report further found that the Second Set of Defendants was shielded from liability in their official capacities by Eleventh Amendment immunity and was generally shielded by qualified immunity.  *Id.* at 6-7.  The magistrate judge recommended that the court decline supplemental jurisdiction over any claims Plaintiff may be stating under state law due to the Second Report's recommended dismissal of Plaintiff's federal claims.  *Id.* at 7 (citing 28 U.S.C. § 1367(c)(3)).

On November 7, 2013, Plaintiff filed Objections to the Second Report ("Second Objections").  (ECF No. 65).  In his Second Objections, Plaintiff contends that the Second Set of Defendants was aware that Plaintiff's cellmate was an assaultive inmate who had attacked several prisoners in the past.  *Id.* at 2.  As such, Plaintiff argues that the Second Set of Defendants knew that unlocking Plaintiff's door would result in serious harm.  *Id.* at 2–3. Plaintiff also requests, in the event the court grants summary judgment, that he be allowed to move under Local Civil Rules 83.01.IV.01 and 83.IV.02 to send this action to state court.  *Id.* at 4.

## STANDARD OF REVIEW

The magistrate judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.  The magistrate judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  *See Mathews v. Weber,* 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with instructions.  *See* 28 U.S.C. § 636(b)(1).  Failure to

file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce,* 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the magistrate judge's Report, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis,* 718 F.2d 198, 199 (4th Cir. 1983).

## DISCUSSION

As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett,* 174 F.3d 1128, 1133 (10th Cir. 1999).

### The First Report's Recommendation to Summarily Dismiss the First Set of Defendants

In his First Objections, Plaintiff states that he seeks to hold Defendants Jack Brown, C. Brown, and Dean liable (as supervisors of the Second Set of Defendants) for not properly training the Second Set of Defendants and for allowing two prisoners to be housed in the same cell. The court finds that while Plaintiff's objections more clearly set out his allegations against Defendants Jack Brown, C. Brown, and Dean, Plaintiff still does not state a claim. In order to state a failure to protect claim against these prison supervisors, Plaintiff must show that Defendants Jack Brown, C. Brown, and Dean were aware of a pervasive and unreasonable risk of harm and that they acted obdurately or wantonly with respect to those conditions. *Moore v. Winebrenner*, 927 F.2d 1312, 1315–1316 (4th Cir. 1991). The court finds that Plaintiff has not alleged facts to support a showing of a pervasive risk. Moreover, at best, Plaintiff asserts that Defendants Jack Brown, C. Brown, and Dean acted negligently with regard to his safety. As

such, Plaintiff's claim against these defendants fails as a matter of law.  *Id.* at 1316 (holding that negligent conduct does not amount to the constitutional violation of a failure to protect).

Plaintiff also states for the first time in his First Objections that Defendants Reames, Poole, Washington, Oberman, and Padula have failed to protect him by not issuing a separation or caution notice following Plaintiff's assault.  This allegation without more is insufficient to state a claim against these defendants.  Plaintiff has not stated that he has been seriously harmed due to the absence of a separation or caution notice.  *See Bacchus*, 466 F. App'x at 271 (explaining that for a failure to protect claim a prisoner must show serious physical or emotional injury).  Moreover, Plaintiff has not alleged facts from which the court could reasonably infer that Defendants Reames, Poole, Washington, Oberman, and Padula have been deliberately indifferent to Plaintiff's safety.  *See id.* (discussing that the second element for a failure to protect claim is a showing of deliberate indifference).

Therefore, the court accepts the recommendation of the First Report and summarily dismisses Plaintiff's claims against the First Set of Defendants.

## The Second Report's Recommendation to Grant the Second Set of Defendants' Motion for Summary Judgment

In his Second Objections, Plaintiff contends his failure to protect claim should survive summary judgment because the Second Set of Defendants was aware that Plaintiff's cellmate was an assaultive prisoner who had attacked several other prisoners in the past.  For that reason, Plaintiff further argues, the Second Set of Defendants should not have unlocked Plaintiff's cell door in a manner that allowed Plaintiff's attack to occur.  The court finds that at most Plaintiff has made a showing of negligence on the part of the Second Set of Defendants, which is not sufficient to state a failure to protect claim.  *Bacchus*, 466 F. App'x at 271.

While Plaintiff alleges that the Second Set of Defendants was aware of Plaintiff's cellmate's past assaults and his generally violent nature, there is no evidence in the record from which such conclusion may permissibly be drawn. To the contrary, the record indicates that Plaintiff's cellmate's attack took the Second Set of Defendants by surprise, and that in their efforts to gain control over the situation, they too suffered injuries. The Second Set of Defendants' behavior throughout the course of the incident does not suggest that they *knowingly* disregarded an objectively serious risk. *See Bacchus*, 466 F. App'x at 271 (affirming the district court's grant of summary judgment for a failure to protect claim where nothing in the record indicated a prison official knew of a meaningful risk to the plaintiff's safety and where the record demonstrated the officers intervened by physically separating those involved in the conflict).

Thus, the court accepts the magistrate judge's recommendation and grants summary judgment to the Second Set of Defendants. The court declines supplemental jurisdiction over any claim Plaintiff may have stated under state law in light of the dismissal of Plaintiff's federal claims. *See* 28 U.S.C. § 1367(c)(3). The court denies Plaintiff's request to move pursuant to Local Civil Rules 83.01.IV.01 and 83.IV.02 for a remand to state court because neither the local rules nor 28 U.S.C. §§ 1446 or 1447 gives the court authority to send an action filed by a plaintiff in federal court to state court. *See Hinson v. Norwest Fin. S. Carolina, Inc.*, 239 F.3d 611, 617 (4th Cir. 2001) ("[A] case originally filed in federal court cannot be remanded to State court[.]") (citing *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 351 (1988)). Therefore, if Plaintiff seeks to raise claims related to his assault under state law he must file an action in state court.

**CONCLUSION**

Based on the aforementioned reasons and after a thorough review of the Reports and the record in this case, the court **ACCEPTS** the magistrate judge's First and Second Reports (ECF Nos. 10, 63).  Plaintiff's claim against the First Set of Defendants is thereby **DISMISSED** without prejudice.  The court **GRANTS** the Second Set of Defendants' motion for summary judgment, and Plaintiff's claim against the Second Set of Defendants is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

_J. Michelle Childs_

United States District Judge

February 14, 2014
Greenville, South Carolina